UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Timothy Wayne Gibson, | ) | C/A No. 5:15-cv-01890-JMC-KDW |
| Plaintiff, | ) ) ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| South Carolina Department of Social Services; Jamie Posey, | ) ) ) ) ) | |
| Defendants. | ) ) | |

This is a civil action filed pro se by a state prison inmate. Pursuant to 28 U.S.C. §636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.   Factual Background

Timothy Wayne Gibson ("Plaintiff") is an inmate of a South Carolina state prison. In the Complaint under review, Plaintiff alleges that his parental rights were terminated by the Greenville County Family Court at the request of the Greenville Office of the South Carolina Department of Social Services ("DSS") at some time after a January 8, 2014 "pretrial hearing" at which Plaintiff was not present, apparently due to his incarceration.[1] Compl. 5-6, ECF No. 1. According to Plaintiff, the DSS and preliminary Family Court proceedings leading up to the

---

[1] The South Carolina Department of Corrections' internet website indicates that Plaintiff was admitted to the state prison system on January 21, 2014, and that his projected release date is December 18, 2016. SCDC Inmate Search, http://public.doc.state.sc.us/scdc-public/ (last consulted May 28, 2015).

termination judgment were conducted while Plaintiff was incarcerated, first at the Greenville County Detention Center and later in SCDC. *Id*. at 4. Plaintiff states that he was not notified about preliminary proceedings and that he did not have legal representation for them. *Id*. Plaintiff alleges that he complied with the "placement plan" that DSS gave him, but that he was told that he had to have a place to live and had to "get the criminal charges taken care of before he could be reunited with his children . . . ." *Id*. at 5. It appears from Plaintiff's allegations that he had legal counsel at some point in the Family Court process because he alleges that he appealed the Family Court's final order to an undisclosed court which "review[ed] Gibson pro se brief" and also "*relieve[d] Gibson counsel*" and affirmed the Family Court's order. *Id*. at 6 (emphasis added). Plaintiff does not provide a citation to the appellate court's decision in his Complaint; however, independent research discloses an unpublished opinion issued by the South Carolina Court of Appeals on December 30, 2014. *S.C. Dep't of Soc. Servs. v. Gibson*, No. 2014-UP-487, 2014 WL 7461317 (S.C. Ct. App. Dec. 30, 2014) (showing Plaintiff as appellant with counsel and pro se and affirming the "family court's final order terminating his parental rights to his minor children."). Plaintiff cites to 42 U.S.C. § 1983 as the statutory basis for his Complaint, ECF No. 1 at 3, and asserts that his procedural due-process rights were violated because he was not provided "adequate protection against Greenville Department of Social Services." *Id*. at 6. Plaintiff asks this court to grant injunctive relief and issue an order to Greenville DSS "[t]o give me custody of my children back, and pay for plaintiff cost in this suit." Plaintiff also asks for "[a] new trial." *Id*. at 7.

II.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the

procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

III. Discussion

The proceedings and rulings made regarding Plaintiff's parental rights in the Greenville County Family Court and/or the South Carolina Court of Appeals cannot be reviewed or set aside by this federal district court. *See D.C. Ct. of Apps. v. Feldman*, 460 U.S. 462, 476-82 (1983) (a federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States

under 28 U.S.C. § 1257); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) (same).[2] This prohibition on review of state court orders by federal district courts is commonly referred to as the *Rooker-Feldman* doctrine or the *Feldman-Rooker* doctrine. *See Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005); *Davani v. Va. Dep't of Transport.*, 434 F.3d 712 (4th Cir. 2006); *Ivy Club v. Edwards*, 943 F.2d 270, 284 (3d Cir. 1991). According to the Fourth Circuit Court of Appeals, "the *Rooker-Feldman* doctrine applies . . . when the loser in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself." *Davani*, 434 F.3d at 713. The *Rooker-Feldman* Doctrine applies to bar the exercise of federal jurisdiction even when a challenge to a state court decision concerns federal constitutional issues such as the due-process claim that Plaintiff attempts to raise in this case. *See Arthur v. Supreme Ct.*, 709 F. Supp. 157, 160 (S.D. Iowa 1989). Because the *Rooker-Feldman* Doctrine is jurisdictional, it may be raised by this court sua sponte. *Am. Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003).

Plaintiff's submission of the Complaint in this case, requesting specific injunctive relief for alleged federal constitutional violations by DSS and one of its employees, does not alter the fact that Plaintiff is, in substance, asking this court to review the proceedings that took place before the Greenville County Family Court and the South Carolina Court of Appeals relative to Plaintiff's parental rights. *See Anderson v. Colorado*, 793 F.2d 262, 263 (10th Cir. 1986) ("[I]t is

---

[2] Appeals of orders issued by lower state courts must go to a higher state court. For more than 200 years, the Congress of the United States has provided that only the Supreme Court of the United States may review a decision of a state's highest court. *See* 28 U.S.C. § 1257 (Supreme Court review is discretionary by way of a writ of certiorari and is not an appeal of right). In civil, criminal, and other cases, the Supreme Court of the United States has reviewed decisions of the Supreme Court of South Carolina that were properly brought before it under 28 U.S.C. § 1257 or that statute's predecessors. *E.g.*, *Lucas v. S.C. Coastal Council*, 505 U.S. 1003 (1991) (example of a South Carolina Supreme Court case that was reviewed by the United States Supreme Court).

well settled that federal district courts are without authority to review state court judgments where the relief sought is in the nature of appellate review."); *see also Hagerty v. Succession of Clement*, 749 F.2d 217, 219-20 (5th Cir. 1984) (collecting cases). Plaintiff lost in the state courts and now he alleges that he was injured by the Family Court's final order terminating his parental rights and the Court of Appeals affirmance of that order. To rule in his favor on the constitutional claim raised in his Complaint and award the relief requested (return of his children to him and/or a new Family Court trial) would, necessarily, require this court to overrule (or otherwise find invalid) various orders and rulings made by those state courts, but such action by this court is prohibited under the *Rooker-Feldman* Doctrine. *Davani*, 434 F.3d at 719-20; *see Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. at 293-94; *Jordahl v. Democratic Party of Va.*, 122 F.3d at 201; *Willner v. Frey,* 243 F. App'x 744, 746-47 (4th Cir. 2007).

IV.     Recommendation

Accordingly, it is recommended that the district court dismiss the Complaint in this case *without prejudice*. *See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

IT IS SO RECOMMENDED.

May 29, 2015                                                                            Kaymani D. West
Florence, South Carolina                                                         United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).