# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG

| | |
|---|---|
| Timothy Wayne Gibson, ) | |
| ) | Civil Action No. 5:15-cv-01890-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| South Carolina Department of Social ) | |
| Services; Jamie Posey, *Case Worker,* ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Timothy Wayne Gibson ("Plaintiff"), proceeding *in forma pauperis*, filed a pro se action pursuant to 42 U.S.C. § 1983. This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 10), filed on May 29, 2015, recommending that Plaintiff's Complaint (ECF No. 1) be dismissed without prejudice. For the reasons below, the court **ADOPTS** the Magistrate Judge's Report (ECF No. 10) and **DISMISSES** Plaintiff's Complaint (ECF No. 1).

## I. FACTUAL AND PROCEDURAL BACKGROUND

On May 5, 2015, Plaintiff filed an action against the South Carolina Department of Social Services and Jamie Posey ("Defendants") alleging the Greenville County Family Court ("Family Court") terminated his parental rights during his incarceration without notice or legal representation. (ECF No. 10 at 2.) Plaintiff requested the court grant injunctive relief and order Defendants to restore parental rights, reimburse all legal costs, and grant a new trial. (ECF No. 1.) Plaintiff filed timely Objections[1] (ECF No. 12) on June 10, 2015, after the Magistrate Judge

---

[1] The court notes that Plaintiff has several Objections that are only specific to two portions of the Report.

issued a Report recommending the dismissal of Plaintiff's Complaint without prejudice (ECF No. 10).

## II. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, and the recommendation has no presumptive weight—the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

## III. ANALYSIS

### A. Jurisdiction to Review Due Process Claim

First, Plaintiff objects and alleges that the South Carolina Court of Appeals ("Court of Appeals") has not issued a final ruling on a petition for rehearing or reinstatement. (ECF No. 12.) Accordingly, Plaintiff argues the absence of a final decision from a state court authorizes the court to review his § 1983 action for a violation of due process. (*Id.*)

However, the Report discloses the Court of Appeals filed a final decision as an unpublished opinion. (ECF No. 10 at 2.) On December 30, 2014, the Court of Appeals affirmed the Family Court order to terminate Plaintiff's parental rights to his minor children. (*Id.*) Consequently, this court agrees with the Magistrate Judge's recommendation to dismiss because a federal district court cannot review or set aside a state court ruling. (ECF No. 10 at 3-4 (citing

*D.C. Ct. of Apps. v. Feldman*, 460 U.S. 462, 476-82 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923)).)

**B. Denial of Due Process in Family Court**

Additionally, Plaintiff objects and alleges he was not notified about the Family Court preliminary proceedings and did not have legal representation, which Plaintiff claims is a violation of the right to procedural due process. (ECF No. 12.) The court reviews Plaintiff's assertion that absence of legal representation violates his procedural due process rights because he presents no evidence of inadequate notice.

Plaintiff argues "that the nature of the process due in parental rights termination proceedings turn on a balancing of the three distinct factors . . ." (ECF No. 12 at 2 (quoting *Lassiter v. Dep't of Soc. Servs. Of Durham Cty., N.C.*, 452 U.S. 18, 27 (1981)).) However, the Supreme Court in *Lassiter* established that the Constitution does not compel an appointment of counsel for indigent parents in all parental termination proceedings. *Lassiter*, 452 U.S. at 31. Instead, the trial court decides whether due process calls for the appointment of counsel on a case-by-case basis that is subject to appellate review. *Id.* at 32 (citing *Wood v. Georgia*, 450 U.S. 261, 271 (1981)). This court concludes that in the aforementioned instance there is no violation of Plaintiff's right to procedural due process.

## IV. CONCLUSION

Based on the aforementioned reasons and a thorough review of the Magistrate Judge's Report (ECF No. 10), the court finds that the Report provides an accurate summary of the facts and law. Therefore, this court **ADOPTS** the findings of the Magistrate Judge's Report (*id.*) and **DISMISSES** Plaintiff's Complaint (ECF No. 1) without prejudice.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

June 15, 2016
Columbia, South Carolina

4